## APPEAL OF THE CITY OF PITTSBURGH.

### [THE PHILADELPHIA CO. v. PITTSBURGH.]

FROM THE DECREE OF THE COURT OF COMMON PLEAS NO. 1 OF ALLEGHENY COUNTY, IN EQUITY.

Argued October 31, 1888—Decided January 7, 1889.

The gas pipes of an incorporated company lawfully engaged in the production and supply of natural gas, laid in the streets of a city and through which natural gas is supplied to consumers, are not assessable eo nomine for local taxation, either as land or as a part of the company's capital stock.*

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK, WILLIAMS and HAND, JJ.

No. 228 October Term 1888, Sup. Ct.; court below, No. 623 March Term 1888, C. P. No. 1 in Equity.

To the number and term of the court below, the Philadelphia Company filed a bill in equity against the city of Pitts-

---

* See Allegheny Co. v. McKeesport Diamond Market, ante 164.

burgh and Wm. R. Ford, collector of delinquent taxes, which in substance averred the facts following:

1. That the Philadelphia Company is a corporation of Pennsylvania, having all the rights conferred by act of assembly, entitled, "An Act to incorporate the Pennsylvania Company," approved April 7, 1870, P. L. 1025, and is engaged in the business of producing and supplying natural gas for consumption as fuel in the city of Pittsburgh and elsewhere.

2. That said gas is brought from the places of production, beyond the city limits, to and into said city, and is distributed and supplied to consumers in said city through iron pipes, laid with the consent of the city, under the surface of the streets, lanes, alleys and highways.

3. That city councils, by ordinance approved March 3, 1887, levied certain taxes for the year 1887, upon all property taxable for state and county purposes.

4. That the assessors of said city assessed the gas pipes of the plaintiff company laid in the streets, etc.; the aggregate amount of valuations placed thereon in the various wards being $1,038,161, and the total taxes amounting to $22,541.23.

5. That Wm. R. Ford, collector of delinquent taxes in said city, threatens to levy upon the property of plaintiff company for the collection of said taxes, together with commissions amounting to $1,127.03.

6. That said taxes were levied and assessed without authority of law; that said iron gas pipes are not liable to taxation for state or county purposes, and the city of Pittsburgh has no authority to assess them.

The prayer of the bill was to restrain by preliminary, and thereafter by final injunction, the defendants from collecting said taxes for the year 1887.

The defendants filed an answer on August 29, 1888, admitting the averments of the first five paragraphs of the bill, but denying the averments of the sixth paragraph.

The cause was set down for hearing on bill and answer, and on October 16, 1888, the counsel agreed on the following facts and asked the court to consider them as though averred in the bill and admitted in the answer:

7. The gas pipes within the city are used only for the distribution and supply of natural gas to consumers according to

plaintiff's corporate powers, and are necessary and indispensable for the said purposes for which they are used. The capital is divided into shares, which are held by a large number of stockholders. The revenues exceed the expenses, and dividends are paid to stockholders. The commonwealth collects a tax on the capital stock, measured by the dividends. The pipes represent in part the capital stock and are wholly included within the same.

After argument, the court, COLLIER, J., filed the following opinion and decree: The able argument of the learned counsel for the defendant has failed to satisfy us that the city of Pittsburgh has the power to tax the plaintiff's iron pipes. They certainly are not real estate situate within the city. The gas wells to which they are claimed to be appurtenant are located outside of the city in another county, and though it may be possible that the pipes represent part of the capital stock of the plaintiff company, the bill and answer discloses no taxation of the capital stock as such.

The prayer for an injunction is granted.

The formal decree having been signed the defendants took this appeal, assigning the said decree as error.

*Mr. Thomas D. Carnahan* and *Mr. Robt. S. Frazer* (with them *Mr. W. C. Moreland, City Solicitor*), for the appellants:

1. The claim that this assessment of taxes ought to be sustained is based, first, upon the city's right to assess real estate, and, second, upon the power given to it by § 16, act of May 5, 1841, P. L. 348, to assess and collect a tax "on all descriptions of property owned by inhabitants of said city" taxable for state purposes under the act of June 11, 1840, P. L. 612, which authorizes the assessment of the capital stock of "all banks, institutions and companies whatsoever, incorporated by or in pursuance of any law of this commonwealth." "Inhabitants," includes corporations: 1 Desty on Taxation, 339. The proviso of the act of 1841, which limits the city tax authorized by the act of 1840, so that "no additional assessment upon real estate" shall be made, is repealed by § 3, act of April 15, 1867, P. L. 1258. It is submitted, therefore, that the said acts confer upon the city full power and authority to tax real estate without

any limitation as to millage, and also the power to tax the capital stock of all corporations of the commonwealth doing business within the city limits, upon which a dividend of one per cent or more is made or declared.

2. The city having the power to assess real estate, had it the right to assess these gas pipes as such? Ordinarily they would be considered personal property, but when regarded as part of the plant of the plaintiff company, as appurtenant to its real estate, it becomes a serious question whether these pipes should not be classed as real estate: Hilliard on Taxation, 150; Commonwealth v. Gas Light Co., 12 Allen 75; Voorhis v. Freeman, 2 W. & S. 116; Morris's App., 88 Pa. 368; Patterson v. Delaware Co., 70 Pa. 381; W. U. Telegraph Co. v. State, 9 Bax. 509; Des Moines Water Co.'s App., 48 Ia. 324; Capital City Gas Light Co. v. Insurance Co., 51 Ia. 31; People v. Cassity, 46 N. Y. 46; Providence Gas Co. v. Thurber, 2 R. I. 15 (55 Amer. D. 621).

3. It remains to be seen whether our claim is in conflict with the principles laid down in Coatesville Gas Co. v. Chester Co., 97 Pa. 476. It is there held that the works of a corporation whose purposes are of a public nature, are exempt from local taxation in the form of real estate, provided such real estate is necessary for the business of the corporation, and provided such corporation pays a state tax on its capital stock. It must be conceded that if the Philadelphia Co. can be classed as a public corporation, this property cannot be taxed as real estate, unless the power to tax capital stock carries with it the power to tax real estate as representing so much capital stock. But we deny that this corporation is of such a public character. It has no such public character as a railroad, a canal, or a navigation company. It is not a transportation company in any sense of that term, as this court has decided: Carothers' App., 118 Pa. 485. It is not even a manufacturing company; it manufactures nothing. Its works are not for public use, but solely for its own private use.

4. According to the statutes quoted supra, the city undoubtedly has the power to tax the capital stock of all corporations. This tax can be sustained under that power, as a tax upon property which represents capital stock, is the equivalent of it, is, in fact, part of it. A tax upon capital stock is a tax upon

property: 2 Dillon, Mun. Corp., 712; Adams v. Mayor, etc., 2 Head 363; Desty on Taxation, 351; Commonwealth v. Standard Oil Co., 101 Pa. 145; State Bank v. Madison, 3 Ind. 43; Lackawanna Co. v. Bank, 94 Pa. 221; Bank of Commerce v. New York City, 2 Blatch. 620; Bank Tax Case, 2 Wal. 200; Burroughs on Taxation, 178; Mintum v. Larne, 23 How. 435; United States v. Hodson, 10 Wal. 395. In People v. Keystone Gas Co., 55 N. Y. Sup. Ct. 193, the court holds that the pipes of a natural gas company laid in the streets of Olean under a grant from the village corporation, are assessable as real estate.

*Mr. William Scott* (with him *Mr. John Dalzell* and *Mr. Geo. B. Gordon*), for the appellee:

1. It is a principle universally declared and admitted that municipal corporations can levy no taxes, general or special, upon inhabitants or their property, unless the power be plainly and unmistakably conferred: Dillon on Mun. Corp., § 763. The character of a corporation, for purposes of taxation, depends upon the business in which it is engaged. In the act of May 29, 1885, P. L. 29, we have the legislative declaration that the transportation and supply of natural gas for public consumption is a public use; and in Johnston's App., 5 Cent. R. 564, as well as in Carothers' App., 118 Pa. 468, where the charter of the plaintiff came in question, this court has said that the plaintiff, under the terms of its charter is rightfully engaged in its present business.

2. While the most if not all the cases cited by the defendants, on the position that the gas pipes of the plaintiff are assessable as land, or as an interest in land, have little bearing upon the question, owing to the nature of the statutes involved or the facts shown therein, we do not propose to discuss them, for assuming that the property assessed has the character of real estate, it does not follow that the present tax is lawfully assessed. On the contrary, the cases are ruled against the defendants by: West Chester Gas Co. v. Chester Co., 30 Pa. 232; Coatesville Gas Co. v. Chester Co., 97 Pa. 476. The principle is, that the public works of a corporation, used as such, with the necessary appurtenances, shall be exempt from taxation as land, but be subject to it in another form; and that a gas company so far partakes of the nature of a corporation for public purposes as to be subject to the same rule.

3. The claim that this tax can be sustained as a tax on capital stock, under the acts of 1840 and 1841, is now first made after the lapse of forty-seven years since the passage of the act which is said to have conferred the power. Gas pipes are not capital stock. In some of the cases cited, specific property of a corporation is spoken of as "a part of the capital stock," but these words are not used in any exact sense, and are readily understood in connection with the questions involved in those cases. The specific property may represent the capital stock, in the sense that it may have been purchased with funds received from a sale of the stock, but it cannot in any sense properly be said to be the capital stock, or a part thereof. But, conceding that a tax on capital stock is a tax on property, it does not follow that a tax on property is a tax on capital stock. The distinction is recognized in Pullman Palace Car Co. v. Commonwealth, 107 Pa. 156.

OPINION, MR. JUSTICE HAND:

The sole question in this case is whether the gas pipes of the defendant company, laid in the streets of the city of Pittsburgh, through which natural gas is distributed to consumers, are subject to taxation for city purposes as land or capital stock.

It is claimed that because the city had authority under the act of 1841, P. L. 348, § 16, to assess taxes on all descriptions of property made taxable for state purposes by the act of June 11, 1840, P. L. 612, and the latter act provided for the assessment of the capital stock of banks and companies, that the assessment of these gas pipes eo nomine was an assessment of the capital stock. If the act of 1841 were now before us, it is doubtful whether it could be sustained. It is in conflict with the system of taxation adopted by the commonwealth since the act of 1840. It must receive a strict construction, and that would limit both acts to the six years named therein, for both stand stamped with the legislative sanction that they are extraordinary acts, and experiments for only that period of time. But, whether that is true or not, the learned judge very properly dismissed that part of the case with the laconic remark that the bill and answer disclose no taxation of the capital stock as such.

The other branch of the case has under the decisions of this court no better foundation. In the case of West Chester Gas Co. v. Chester Co., 30 Pa. 232, and the kindred case of Lehigh Coal Co. v. Northampton Co., 8 W. & S. 334, this kind of taxation was held not to be within the tax laws of the commonwealth, on the ground that they were the public works of a corporation; that this class of corporations were in their nature public, as distinguished from a mere private corporation, and the exercise of the power to tax the former had been reserved in a different form by the state. It may be somewhat difficult to define what is a public work or a public corporation in this sense, but it is clear that one of the characteristics is that it has the right of eminent domain, that it has franchises which justify the legislature in defining or considering it public. A mere private corporation needs no franchise from the state in order to carry on its business. Men may manufacture shoes without corporate power, but they cannot occupy streets or property of private individuals without corporate power or warrant from the state. They need a delegation of sovereignty and in such cases their works may be properly called public works. In the class of cases in which the double taxation here sought is inhibited, it will be found that this is one of the characteristics. It has assumed a distinctive criterion for the division of our tax laws, and runs through the construction and classification of the same. The decision of the learned judge of the Common Pleas was in entire harmony with these views and must receive the sanction of this court.

The judgment is affirmed.