# School District of Freeport Borough *v.* Enterprise Natural Gas Company, Appellant.

*Boroughs—Contract for furnishing gas—Ordinance.*

Where a borough by ordinance grants to an individual and his successor or assigns the privilege of laying pipes for natural gas in the streets of the borough, and it is stipulated that the grantee shall furnish free to the borough gas for lighting certain buildings, including a public schoolhouse, as long as the grantee, his successors or assigns should exercise the rights granted by the ordinance, and it is stipulated that the grantee should give a bond, and should execute a written acceptance of the ordinance within ninety days, a corporation which succeeded to the rights of the grantee is

bound to furnish free gas to light the schoolhouse, and it cannot in a suit in equity by the school directors to compel it do so, set up as a defense that the grantee had not filed a proper bond, or that he had not executed a written acceptance within the ninety days, or that the school directors, not being parties to the original contract, had no standing in equity to compel the performance of it.

*Contract —Performance—Rights of third parties—Equity.*

Where one person enters into a contract with another to pay money to a third, or to deliver some valuable thing, and such third party is the only one interested in the payment or delivery, he can compel performance by suit.

Argued May 13, 1901.    Appeal, No. 89, April T., 1901, by defendant, from decree of C. P. Armstrong Co., March Term, 1901, No. 131, on bill in equity in case of School District of Freeport Borough v. Enterprise Natural Gas Company.    Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.    Affirmed.

Bill in equity for an injunction.    Before PATTON, P. J.

The facts are stated at length in the opinion of the Superior Court.

The court entered the following decree:

And now, August 14, 1900, the Enterprise Natural Gas Company, its officers, agents, workmen and employees are enjoined and restrained from shutting off or discontinuing the supply of natural gas for fuel, or heating the public school building in said plaintiff's district, or in any way interfering with or impairing such full and sufficient supply, as may be necessary for fuel for the proper heating of such buildings, so long as it exercises and enjoys the franchises granted to George Poterie under the ordinance of February 1, 1892.

And it is further ordered and directed that the defendant pay all costs, except the costs incurred upon the application to continue the preliminary injunction, which are directed to be paid by the plaintiff.

*Error assigned* was the decree of the court.

*James H. McCain,* of *McCain & Christy,* for appellant.—The school district has no standing to maintain this suit as it was not a party to the contract: Norristown v. Norristown Passen-

ger Ry. Co., 148 Pa. 87; Blymire v. Boistle, 6 Watts, 182; Campbell v. Lacock, 40 Pa. 448; Freeman v. Penna. R. R. Co., 173 Pa. 274; Stone v. Uniontown Water Co., 16 Pa. C. C. Rep. 328; Mott v. Cherryvale Water Co., 48 Kan. 12; Guthrie v. Kerr, 85 Pa. 303.

There is a case recently decided by this court, namely, Sandy Lake Borough v. Gas Company, reported in 16 Pa. Superior Ct. 234, which controls this case in some of its facts.

*Ross Reynolds*, with him *G. M. Hill*, for appellees.—The school district of Freeport borough has the right to maintain the present proceeding in its own name: Delp v. Bartholomay Brewing Co., 123 Pa. 42; Blymire v. Boistle, 6 Watts, 182; Sewickley Borough Dist. v. Ohio Valley Gas Co., 154 Pa. 539.

Whoever enjoys the benefits of the contract is bound to render the return and it cannot be shifted or performed in part. It must be taken or rejected as a whole: Allegheny City v. People's Nat. Gas, etc., Co., 172 Pa. 632; Berry v. McMullen, 17 S. & R. 84; Stone v. Marshall Oil Co., 188 Pa. 602.

Neither can appellant say it had no knowledge of the duty which they admit the Phillips Gas Company was under to supply gas. No company has the right to enter upon the streets to lay gas lines without the consent of the municipal authorities, and they were bound to ascertain what conditions were annexed thereto. They are also charged with notice of their title: McClaren v. Citizens' Oil and Gas Co., 14 Pa. Superior Ct. 167.

OPINION BY W. D. PORTER, J., July 25, 1901:

It is unnecessary to consider in detail the numerous specifications of error: the decree entered by the learned court below was fully warranted by the undisputed facts. The following facts explicitly alleged in the bill, were not traversed by the answer and were admitted to be true upon the argument of this appeal, viz: on February 1, 1892, the council of the borough of Freeport passed an ordinance granting George Poterie, his successors or assigns, the privilege of opening the streets and alleys in said borough and laying pipes therein for the purpose of conveying and distributing natural gas within the limits of the borough, and with the privilege of making the necessary connections to carry on said business. The 4th section of the

ordinance provides among other things : " And the said George Poterie shall also furnish, free of charge, gas to heat and light the council chamber, lockup and schoolhouse, and to continue such supply as long as said Poterie, his successors or assigns exercise the rights granted under this ordinance." The 3d section required the grantee to give a bond in the sum of $2,000 conditioned that he would faithfully comply with the requirements of the ordinance, before any of said streets were opened. The 6th section required Poterie, his successors or assigns, within ninety days after the approval of the ordinance to file with the burgess his written acceptance of all its provisions, and to begin work within six months from the date of the approval of the ordinance, " otherwise this ordinance shall be null and void." The ordinance was duly approved and everything necessary to make it binding upon the borough was done in regular order. Under the protection of this ordinance Poterie entered upon the streets of the borough and constructed gas lines therein, made the necessary connections and for a number of years exercised the privilege of selling and distributing natural gas to the citizens of the borough; he supplied the gas lamps as required by the ordinance, and furnished the schoolhouse with gas free of charge, as by his grant from the borough required, down until the time when he sold his plant to the Phillips Gas Company, on December 21, 1896. The Phillips Gas Company continued to furnish gas to the street lamps, lockup and public schoolhouse as by the ordinance required until January 1, 1898, some time after the date last mentioned the gas company demanded payment for gas which had been furnished subsequently to said date and threatened to turn off the gas unless that bill was paid, the school directors, after the bill had been reduced, paid it to avoid having the gas turned off; and other bills for gas were subsequently paid by the school directors. In September, 1899, the Phillips Gas Company leased its lines and franchises to the defendant company, and since that time that company has exercised the rights and enjoyed the privileges which passed to Poterie under the borough ordinance of February 1, 1892. In January, 1900, the defendant company demanded, of the school board, payment for the gas which had been furnished after it entered into possession of the gas lines at the rate of sixteen cents per 1,000, which

the school board refused to pay.   The defendant company then threatened to turn off the gas, and to prevent such action this bill was filed.

The defendants deny that there is any obligation upon them to furnish gas to the public schoolhouse upon various grounds :

1. Poterie never complied with the provision of the ordinance requiring him to file a bond.

2. Poterie never filed a written acceptance of all the provisions of the ordinance, as required by the 6th section thereof.

3. That even if Poterie was bound to furnish gas to the school building, the defendant company which has succeeded to his rights is not bound to discharge the duty imposed by the ordinance.   It is true that the bond filed by Poterie was not in the form required by the ordinance, but it expressly refers to the ordinance and conclusively establishes that Poterie was then exercising his rights and privileges in the borough streets by virtue of the ordinance.   Poterie did not file the written acceptance required by the ordinance, but it is not now necessary to consider whether the borough might have expelled him from the streets, it is not undertaking to do so, and for years it accepted from Poterie the fruits of the contract without raising any question as to the regularity of the execution thereof by Poterie.   The obligation to file the written acceptance was upon Poterie, nothing remained to be done by the borough authorities.   The right of Poterie to be in the street was dependent upon the ordinance, which imposed upon the exercise of the right the duty to furnish gas to the public schoolhouse.   Poterie had the right to enter upon the streets as soon as the ordinance was approved and he had filed his bond, he did file his bond on March 5, 1892.   The bond was not in the precise form prescribed by the ordinance, but it was an attempt at substantial compliance, and the borough authorities having accepted the bond and permitted him to go on and lay his pipes in the streets they must be held to have waived the mere irregularity in the form of the instrument.   Poterie had ninety days within which to file his written acceptance of the provisions of the ordinance, and in the mean time he had the right to lay pipes in the street. The failure to file the written acceptance was his own default, and having gone on and occupied the streets and enjoyed all the advantages of the contract, he could not be heard to assert

his own default in order to escape compliance with the provisions of the ordinance : Allegheny City v. People's Natural Gas, etc., Co., 172 Pa. 632 ; Northampton County's Appeal, 30 Pa. 305 ; Wright v. Pipe Line Co., 101 Pa. 204. Poterie does not seem to have dreamed of making any dishonest attempt to evade paying the price for the privileges which he was enjoying, for he went on and for four years and a half did all that he was required to do under his contract. The duty to furnish the gas was not dependent upon a formal written acceptance of the terms of the ordinance. The ordinance by its express terms made the exercise of the rights granted subject to the discharge of the accompanying duty, and when Poterie entered upon the streets and exercised the rights he assumed the duties. The section of the ordinance requiring the filing of a written acceptance was for the protection of the borough and to provide evidence as to the manner in which the right of Poterie to be upon the streets was acquired. The right of Poterie being subject to the discharge of the duty, it passed to the defendants subject to the same burden, and so long as the defendant company continues to exercise the rights and enjoy the privileges conferred by the ordinance, it must perform the conditions to which the grant was made subject. Poterie had no right to lay pipes in the streets without the consent of the borough authorities, which could only be obtained through an ordinance : Philadelphia Co. v. Freeport, 167 Pa. 279. The borough authorities had power to prescribe reasonable conditions upon which the exercise of the right should be dependent and the ordinance having been passed under lawful authority and the grantee having elected to exercise the rights conferred thereby, he and his successors must perform the conditions so long as they enjoy the privileges : Norristown v. Norristown Passenger Ry. Co., 148 Pa. 87 ; Sandy Lake Boro. v. Sandy Lake, etc., Gas Co., 16 Pa. Superior Ct. 234.

The appellant denies the right of the plaintiff to maintain this proceeding for the reason that the school district was not a party to the original contract. The general rule unquestionably is that no one can maintain an action on a contract to which he is not a party, but the rule is not without its well recognized exceptions. " Among the exceptions are cases where the promise to pay the debt of a third person rests upon the

fact that money or property is placed in the hands of the promisor for that particular purpose ; also, where one buys out the stock of a tradesman to take the place, fill the contracts, and pay the debts of the vendor; these cases as well as the cases of one who receives money or property on the promise to pay or deliver to a third party, are cases in which the third party, although not a party to the contract, may be fairly said to be a party to the consideration on which it rests ; in good conscience the title to the money or thing which is the consideration of the promise passes to the beneficiary, and the promisor is turned in effect into a trustee : " Adams v. Kuehn, 119 Pa. 85.  Where one person enters into a contract with another to pay money to a third, or to deliver some valuable thing, and such third party is the only one interested in the payment or delivery, he can release the promisor from performance or compelled performance by suit.  There is a duty upon this defendant to furnish the public schoolhouse with natural gas for fuel.  The school district is the only party interested in the discharge of this duty. The school directors might elect to use some other fuel, and the defendant company would be relieved from performance of the duty.  The authorities of the school district having elected to use the gas which they are entitled to receive from the defendant company, they as the only party having a legal standing to demand gas may maintain an action in their own name to enforce the performance of the duty: Delp v. Bartholomay Brewing Co., 123 Pa. 42 ; Freeman v. Pennsylvania R. R. Co., 173 Pa. 274.  The contract which imposed upon these defendants the duty to furnish the gas for the schoolhouse was valid, and was enforceable in equity: Sewickley v. Ohio Valley Gas Co., 154 Pa. 539.

There was no evidence which would have warranted the learned judge of the court below in finding that the terms of the original contract had been modified by any subsequent compromise agreement.  There was no evidence that any such agreement ever was made or contemplated.  In order to avoid having the schools deprived of the use of gas during a period of cold weather, the school directors paid certain claims presented by those who were then exercising the franchises granted by the ordinance, but there was no evidence that they at any time agreed to use gas in the future, or that the gas companies

agreed to furnish gas during any period whatever. The only contract between the borough, or the school district upon one side, and Poterie and his successors upon the other side, was that created by the ordinance and the acceptance of the rights thereby conferred.

The decree is affirmed and the appeal dismissed at costs of the appellant.