# Cochranton Borough *v.* Cochranton Telephone Company, Appellant.

*Telephone company—Boroughs—License tax contract—Corporations.*

1. Where an individual is granted the privilege of using the streets of a borough for the construction of a telephone line on condition that he complies with the terms of an earlier general ordinance imposing an annual license fee of one-half dollar on each pole, and the grantee accepts such privilege, he is bound to pay the license tax, and if he transfers the line to a corporation, the latter will be bound to pay the tax, although the grant to the original grantee was not to him, his successors or assigns.

2. In an action to recover the license tax, the corporation can raise no question as to the reasonableness of the fee, nor is it entitled to a hearing as provided by the Act of April 17, 1905, P. L. 183, inasmuch as it is bound by its contract to pay the amount prescribed by the general ordinance.

Argued April 13, 1909. Appeal, No. 165, April T., 1909, by defendant, from order of C. P. Crawford Co., May T., 1907, No. 111, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Cochranton Borough v. Cochranton Telephone Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ. Affirmed.

Appeal from justice of the peace in an action to recover license fees on telephone poles.

BOUTON, P. J., filed the following opinion:

From the plaintiff's declaration it appears that on May 8, 1900, the borough of Cochranton passed an ordinance entitled "A general ordinance relating to the entry upon, over or under or the use or occupation of any streets, lane or alley or any part thereof, for the purpose of constructing, maintaining or operating a system or systems of telephone or telegraph lines or electric light lines in the borough of Cochranton, and providing reasonable regulations pertaining to the public convenience and safety," which said ordinance was numbered 42.

The second section of the ordinance provides as follows:

"After the passage and publication of this ordinance any corporation, company or firm entering the borough and establishing a line or wires, system or systems of telephone, telegraph or electric lights therein shall annually pay into the borough treasury a license or tax of a half dollar on each pole so erected, kept and maintained therein, which tax shall be payable annually on or before the first day of August."

Section 8 of said ordinance provides as follows:

"Any corporation, company or firm seeking to avail itself of the provisions of this ordinance shall before commencing to build its line, file with the secretary of the council its certificate of acceptance of the provisions and regulations of this ordinance."

Section 9 provides as follows:

"No individual shall use any of the streets, lanes or alleys of the borough for the purpose of putting up any private telephone without first applying to council for such privilege, and if the council shall grant such privilege, the poles of such individual so far as they shall be planted in the streets, lanes or alleys of the borough shall be subject to the same rate of tax as provided in section 2, and the like penalties for noncompliance therewith."

It further appears that on or prior to April 1, 1901, David Berringer made application to the burgess of plaintiff borough for the right and privilege of building, setting up, maintaining and operating a telephone line or system in said borough, and signified his willingness to accept, abide and be governed by the provisions of said ordinance No. 42.

Whereupon on April 1, 1901, the said borough passed an ordinance No. 46, which is as follows:

"Whereas, David Berringer has made application to the burgess of the borough of Cochranton for the right and privilege of building, setting up and maintaining and operating a telephone line or system in said borough of Cochranton and has signified his willingness to accept, abide by and be governed by the provisions of ordinance No. 42, and has agreed that when said borough shall adopt a fire alarm system to permit

the fire alarm wires to run upon all his telephone poles without charge to the borough.

"Therefore, be it ordained by the burgess and council of said borough, and it is hereby ordained by the authority of the same that on the filing with the secretary of the council of his acceptance of the provisions of said ordinance No. 42, and also the provisions concerning the fire alarm wires above mentioned, he shall have the right and may proceed at once to build, erect, set up and open said line for business."

On the same day David Berringer accepted in writing the terms and conditions imposed and agreed to abide by and be governed by the provisions of ordinance No. 42, which said written acceptance is as follows:

"I, David Berringer above named, do hereby accept and agree to abide by and be governed by the provisions of the said ordinance No. 42, and also the provisions above specified in relation to the fire alarm telegraph.

"Further, that I will within three months from the date of the above ordinance, commence the building of said line, and will have it open and ready for business within six months from said date, in default of which all rights granted me by said ordinance or ordinances shall cease and be utterly null and void.

"Witness my hand and seal at Cochranton this first day of April, 1901.

"DAVID BERRINGER [SEAL]."

It further appears that immediately after accepting said provisions the said David Berringer began the erection and construction of a telephone line within said borough, and during the summer of 1901 erected sixty-nine poles in the streets, alleys and lanes of said borough, and completed and put into operation the said telephone line or system, and that said sixty-nine poles have been maintained in said streets, alleys and lanes continuously since their said erection.

It further appears that the defendant company is a corporation chartered on or about February 8, 1905, for the purpose

of constructing, maintaining and leasing telegraph lines for general telephone business. And that shortly after the chartering of the said defendant company it took over the said line constructed in the said borough of Cochranton by the said David Berringer and assumed the rights, duties, obligations and the privileges of the said David Berringer with reference thereto. And thereafter during the spring of 1906, erected forty-three additional poles in the streets, lanes and alleys of said borough for the purpose of its telephone system or plant, and has since continuously maintained the same.

It further appears that for the years 1903, 1904, 1905 and 1906 that the defendant has failed, neglected and refused to pay the annual tax or license fee provided by said ordinance No. 42, which in all amounts to the sum of $187.08.

These material allegations of the plaintiff's declaration are nowhere denied in the affidavit of defense, but it alleges as grounds of defense:

1. "That the agreement of David Berringer attached to plaintiff's statement of claim was personal to said Berringer and not binding upon his successors or assigns, and therefore not binding upon the defendant company."

The second ground of defense is to the effect that there is no necessity for supervision by the borough council of defendant's poles, for the reason that the low voltage sufficient for telephone purposes is not an element of danger to persons or property, and that there are no other electric wires, which by any possibility could come in contact with the wires of the defendant company.

The third ground is that the defendant's line is under the constant supervision of its employees, and that no complaint has ever been made to the company.

The fourth allegation in the affidavit of defense is to the effect that the license fee imposed by the ordinance is not based upon the cost and expense to said borough for inspection, regulation and supervision, and that the annual charge of fifty cents per pole is more than ten times the amount that might have been or could possibly be incident or necessary to such inspection.

And fifth, that the plaintiff has not incurred a single dollar of expense for the whole time for which suit is brought, by reason of its inspection or supervision of the defendant's lines or poles.

The contention that the agreement of David Berringer was a personal one and not binding upon his successors, and hence not binding upon the company, is entirely without merit. When the defendant company took over the lines of Berringer "and assumed the rights, duties, obligations and privileges of the said Berringer with reference thereto" it took the place of Berringer and was as firmly bound by all of the provisions of the ordinance No. 42 as he was: School District of Freeport v. Enterprise Natural Gas Co., 18 Pa. Superior Ct. 73.

The defendant seems to have mistaken the effect of these ordinances and acceptance by Berringer. Its defense would be good had permission been given Berringer or the defendant company to enter the streets for the purpose of erecting and maintaining its line and had the borough subsequently under its police power undertaken to impose a license fee or tax to reimburse it for the cost of inspection and supervision. But such is not the case here.

When Berringer accepted the provisions of the ordinance he became bound thereby. It was optional with him to accept or refuse, and having accepted its provisions, gone on and erected his line, neither he nor those claiming under him, can now, after having enjoyed the benefits of the contract, be permitted to repudiate it, or heard to question its validity.

In our opinion the case is ruled by Allegheny City v. People's Natural Gas & Pipeage Co., 172 Pa. 632, and School District of Freeport Borough v. Enterprise Natural Gas Co., 18 Pa. Superior Ct. 73, and further discussion is unnecessary.

The affidavit of defense entirely fails to deny any of the material allegations contained in the plaintiff's declaration, and the defense sought to be interposed thereby is insufficient to prevent judgment.

And now, to wit, December 30, 1908, the rule to show cause why judgment should not be entered for want of a sufficient affidavit of defense is made absolute, and upon the filing of the

proper statement for liquidation the prothonotary will enter judgment in favor of the plaintiff and against the defendant for the amount of the plaintiff's claim.

*Error assigned* was the order of the court.

*C. W. Tyler,* for appellant.—Neither the ordinance No. 42, ordinance No. 46, nor in Berringer's acceptance is there any provision which indicates that any successor or assign of his, whether "corporation, company or firm" or "individual" is to be bound by Berringer's acceptance of ordinance No. 42: Postal Tel. Cable Co. v. New Hope, 192 U. S. 55.

Appellant further contends that the Act of assembly approved April 17, 1905, P. L. 183, determines not only the method by which disputes shall be finally settled, but absolutely limits the recovery of license fees to such sum as will "properly compensate the municipality for the necessary cost of the services performed or to be performed by it, for the inspection and regulation" of the poles and wires of the company: W. U. Tel. Co. v. Pendleton, 122 U. S. 347; Curwensville Borough v. Telep. Co., 16 Pa. Dist. Rep. 602; Penna. Telep. Co. v. South Beth. Borough, 16 Pa. Dist. Rep. 878; Telephone & Tel. Co.'s Petition, 15 Pa. Dist. Rep. 193; American Telegraph & Tel. Co. v. Reed, 15 Pa. Dist. Rep. 649; Penna. Postal Tel. Cable Co. v. Hollidaysburg Borough, 17 Pa. Dist. Rep. 298; Postal Tel. Cable Co.'s Petition, 17 Pa. Dist. Rep. 1085.

*Frank J. Thomas,* of *Thomas & Thomas,* for appellee.—The appellant, having taken its title under this grant, is bound by its terms, even though the same was not granted to the original grantee and his "assigns and successors" or even had the grant been given and accepted ultra vires: Midland Ry. Co. v. Fisher, 125 Ind. 19; Dayton, etc., R. R. Co. v. Lewton, 20 Ohio St. 410; Kelly v. Nypano R. R. Co., 200 Pa. 229; People ex rel. v. R. R. Co., 178 Ill. 594; Allegheny City v. Nat. Gas & Pipeage Co., 172 Pa. 632; Freeport Borough v. Gas Co., 18 Pa. Superior Ct. 73; Keystone State Telep. & Tel. Co. v. Ridley Park Borough, 28 Pa. Superior Ct. 635.

OPINION BY RICE, P. J., October 11, 1909:

The facts of this case as developed by the statement of claim and the affidavit of defense are very clearly and satisfactorily summarized in the opinion of the learned judge specially presiding in the common pleas and need not be recited by us. The first ground of defense set up is, that the agreement of David Berringer was personal to him and not binding upon his successors or assigns and therefore not binding upon the defendant company. This averment introduced into the case no fact which did not appear in the plaintiff's statement of claim. It did not put in issue the averment of the statement that the defendant company took over the line constructed by Berringer, "and assumed the rights, duties, obligations and privileges of the said David Berringer with reference thereto." In effect, the defendant's averment is but the statement of a legal conclusion the correctness or incorrectness of which must be determined upon a consideration of the uncontradicted facts alleged in the plaintiff's statement. That this conclusion is erroneous we think is free from doubt. The company does not deny that the rights it is exercising in the streets are those which it acquired as the successor of David Berringer, and by its action it asserts that its acquisition of them was valid as against the borough. But Berringer took and held these rights subject to certain obligations and duties of a continuing nature, and when the company took over these rights it admittedly assumed the duties and obligations as well. The true principle governing the case may be stated in the words of our Brother PORTER in School District of Freeport Borough v. Enterprise Natural Gas Co., 18 Pa. Superior Ct. 73, substituting the name Berringer for Poterie. The right of Berringer being subject to the discharge of the duty, it passed to the defendant subject to the same burden, and so long as the defendant company continues to exercise the rights and enjoy the privileges conferred by the ordinance, it must perform the conditions to which the grant was made subject. It is true the grant in that case was to Poterie, his successors and assigns, but in view of the uncontroverted averment of the statement of claim above quoted the omission of those words in the grant

to Berringer cannot prevent the application of the prin-
ciple.

. The second ground of defense is, in substance, that the li-
cense tax or fee imposed by sec. 2 of ordinance 42 is unreason-
able in amount.  The learned judge below properly held that
this question was not open to investigation in the present case,
because by the express acceptance of the provisions of the or-
dinance, which the borough required as a condition to the grant-
ing of its consent, a contract was created between the parties
by which the right to occupy the streets was regulated.  The
principle has been recognized in numerous cases, and as ap-
plied to a variety of conditions imposed by municipalities.
Of these cases the one most nearly like the present in its facts is
Allegheny City v. People's Natural Gas and Pipeage Co., 172
Pa. 632.  There a general ordinance provided that any cor-
poration availing itself of rights under it should pay to the
city annually three cents for each foot of pipe laid by such
corporation.  The company by resolution accepted the terms,
conditions and provisions of the ordinance and agreed to com-
ply therewith, "excepting so far as any of the terms of said
ordinance may be held and adjudged illegal or unreasonable by
the courts."  The company laid its pipes in the streets, but
refused to pay the annual charge, alleging that such a tax was
illegal under the decision in Pittsburg's Appeals, 115 Pa. 4,
and 123 Pa. 374.  An examination of the opinion of the Su-
preme Court shows that the court did not base its decision
upon the power of the city to impose a tax eo nomine on the
pipes of the company or upon the reasonableness of the ordi-
nance as an exercise of the police power, but upon the agree-
ment of the parties.  After pointing out that the act of 1885
required the consent of councils, and that the ordinance made
an acceptance of its provisions by the company a condition
precedent to the opening of the streets, Justice MITCHELL
said: "The company cannot get consent by an apparent ac-
ceptance, and then repudiate part of the terms, under cover
of a reservation.  The acceptance which was required as a
condition to the consent was an unqualified acceptance of
'all the terms, conditions, and provisions' of the ordinance,

and nothing less than that would satisfy the condition. The company filed a nominal and apparent acceptance with the comptroller, and having obtained and enjoyed the privileges cannot now escape the obligations. It did not obtain the consent of councils to its qualified acceptance, or get anything from them which can now be set up as a compromise, or waiver of the city's claim under the ordinance. If the terms prescribed were not acceptable to the company, or not such as it conceived itself bound in law to submit to, it had its remedy in the courts by the assertion of its rights under the statute, but having got its privilege by apparently agreeing to the terms it cannot now refuse to perform them." The facts of that case were more favorable to the company's contention than the present, for there the company attempted to reserve the question of the reasonableness of the ordinance, whereas in this case no such attempt was made.

Complaint is made that the court did not give the defendant a hearing as required by the Act of April 17, 1905, P. L. 183, or at least apply the principles of that legislation in the determination of the present controversy. The answer to this is twofold: first, this is not a proceeding under that act to determine the amount of annual license fee which should be paid to the municipality; secondly, the plaintiff's right of recovery does not depend upon the reasonableness of the license fee but upon the agreement of the parties.

We conclude that the learned judge was clearly right in holding the affidavit of defense to be insufficient, and for the reasons suggested by him in connection with the foregoing the judgment must be affirmed.

Judgment affirmed.