## The Windber Telephone Company, Appellant, *v.* Scalp Level Borough.

*Telephone companies—License tax—Reasonableness—Boroughs.*

Where a telephone company is granted the use of streets by a borough under an agreement that the company is to be "governed by all legal ordinances of a general nature now in force or that may hereafter be enacted," such agreement will not deprive the company of its right under the Act of April 17, 1905, P. L. 183, to have determined the reasonableness of a subsequent ordinance imposing a license tax of sixty cents per each pole maintained by the company in the borough.

Argued May 1, 1911. Appeal, No. 105, April T., 1911, by appellant from decree of C. P. Cambria Co., Sept. T., 1911, No. 280, dismissing petition filed under the Act of April 17, 1905, P. L. 183 in case of Windber Telephone Co. v. Scalp Level Borough et al. Before RICE, P. J., HENDER-

SON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.
Reversed.

Petition under Act of April 17, 1905, P. L. 183, to have determined the reasonableness of a license tax. Before O'CONNOR, P. J.

· The facts are stated in the opinion of the Superior Court.

*Error assigned* was in dismissing the decree.

*George E. Wolfe,* for appellant.

*D. P. Weimer,* for appellees.

OPINION BY RICE, P. J., July 13, 1911:

What we have said relative to the proceedings, and the manner in which they were conducted, in the two preceding cases, applies here. By an ordinance adopted in 1901, the Salix Telephone Company, to whose rights, duties and obligations the petitioner has succeeded, was granted a right to erect and maintain poles, etc., in the highways of the borough, and, by its acceptance of the ordinance, the company agreed to be "governed by all legal ordinances of a general nature now in force or that may hereafter be enacted." The license ordinance, adopted in the following year, imposed on all telegraph, telephone and similar companies an annual license tax of sixty cents for each pole maintained by the company in the highways. The learned court concluded that the case was ruled by Cochranton Borough v. Cochranton Telephone Co., 41 Pa. Superior Ct. 146, and therefore dismissed the proceeding and entered judgment in favor of the borough for the amount shown to be due at the rate established by the ordinance. For the reasons given in Johnstown Tel. Co. v. Ferndale Borough, ante, p. 461, we conclude that the petitioner was entitled to a hearing upon the question of the reasonableness of the license fee, notwithstanding the agreement implied in its acceptance of the original ordinance. The record will be

remitted, in order that the hearing contemplated by the act of 1905, upon the issue raised by the petition and answer, as to the reasonableness of the fee, may be had.

The decree is reversed, the judgment entered pursuant thereto is set aside, and the record is remitted for further proceeding according to law; the costs of this appeal to be paid by the appellee.