## Philadelphia Company *v.* Freeport Borough, Appellant.

*Corporations—Natural gas companies—Laying pipes in boroughs—Municipal consent—Act of May* 29, 1885.

A natural gas company incorporated prior to the act of May 29, 1885, P. L. 29, and not having accepted the provisions of that act, and not having begun supplying natural gas within the limits of a borough, cannot, without the consent of the borough authorities, lay its pipes in the streets of the borough.

Argued Oct. 8, 1894.  Appeal, No. 195, Oct. T., 1894, by defendant, from decree of C. P. Armstrong Co., June T., 1894, No. 328, in favor of plaintiff on bill in equity.  Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Bill in equity for an injunction to restrain the defendant from interfering with the construction of a twenty-inch pipe in certain streets in the borough of Freeport, and to prevent defendant from exacting a bond or money as a condition of its consent to the use of the streets for such pipe.

The facts appear by the opinion of the Supreme Court and by the following opinion of RAYBURN, P. J., granting a preliminary injunction:

"The plaintiff company was incorporated by the act of assembly approved March 22, 1871, and by virtue of the provisions of said act it began in the year 1884 to produce, transport and distribute natural gas for fuel, and it has been largely engaged in so doing from then until now. The chief point of market for the production of said company is Pittsburg, Alle-

gheny and territory contiguous thereto.    Said plaintiff company in addition to territory for gas purposes held in other counties in the western part of Pennsylvania, has leased and controls in the county of Armstrong a very large acreage, and has now on said territory in said county about sixteen wells producing gas, and a number of wells now drilling and nearing completion and a number of other sites for wells located.    In order to further develop said territory and carry the product thereof to market, the plaintiff company is extending and enlarging its lines already laid so as to reach the territory in said county that it has already developed and is developing.    The defendant borough lies between where the point of distribution of the plaintiff company and its lines as laid now are, and the plaintiff in laying out a route upon which to extend its lines to the present point of production has passed through said borough along Stewart and Washington streets and has attempted to arrange with the municipal authorities of said borough for the laying of said line.    [The council of the borough passed an ordinance granting permission to lay the line along said streets upon certain conditions, and the terms of the ordinance were conditionally accepted by the plaintiff company;]  [2] the main condition of acceptance by the company being that the burgess of said borough would approve said ordinance by signing the same.    This the burgess did not do, but filed his veto of the same.    The plaintiff company then filed the bill in equity, praying for an injunction to restrain the said borough from interfering in any way with the plaintiff laying its lines over and along the route as it was laid out through said borough. The question arising in this controversy is, Has the plaintiff the right under its charter of incorporation to proceed without the consent of the council of the defendant borough to lay its lines along the streets thereof?    It is decided in Carother's App., 118 Pa. 486, that the plaintiff company has not only the right and authority under its charter to engage in producing natural gas, but it also has the right of eminent domain both by the act incorporating it and also by the act of May 29, 1885.    Now it having the right of eminent domain, what, if any, restrictions are placed upon it in exercising the same?    The plaintiff company has never accepted or come under the provisions of the act of 1885 entitled, 'An act to provide for the incorporation

and regulation of natural gas companies,' but by the provisions
of said act it is given the right to enter upon and occupy the
streets of a borough whether incorporated under the provisions
of the act or not.    The 10th section of said natural gas act gave
to 'All corporations that is or are now, or shall hereafter be
engaged in such business,' the right of eminent domain.    This
company was engaged in the business of producing, transporting
and distributing natural gas for fuel at the time of the passage of
this act, and is therefore included as one of a class mentioned
therein.    The said act does not provide that companies such
as the plaintiff is must, before laying their pipes within the
limits of a borough, obtain the consent of the authorities there-
in.    [This act enumerates what companies or corporations shall
obtain such assent, and the plaintiff company and such as have
the same authority by the terms of their charters are excluded
from such enumeration.    The maxim 'that the including of
one is the excluding of another' applies here, and the fact that
corporations such as the plaintiff are not mentioned in that
portion of the act requiring the consent of council shows that
they are to be excluded from this provision of the act, and are
not required to obtain such consent.    It may appear to some
that this would be giving companies such as the plaintiff an
undue amount of authority, but be this as it may the legisla-
tors have so made the law, as we view it, and we must decide
accordingly.] [3]

" [Even if the plaintiff were bound to obtain the consent of
the borough council before laying their pipes upon the streets,
the ordinance framed by them and vetoed by the burgess con-
tains conditions that are not warranted by the act of 1885.] [4]
In Pittsburg's App., 115 Pa. 4, Justice STERRETT, in deliver-
ing the opinion of the court, said on the subject, 'Councils
are authorized to give or withhold their assent without more.
They have no right to couple their assent with any condition
or restriction not imposed by the act.'

" [From the view we have taken of the law governing the
facts in this case, it is our duty to grant the prayer of the bill
and enjoin the defendant borough from interfering with the
right of the plaintiff in laying their pipes through said borough,
and upon the proper decree being prepared and presented, the
same will be signed and filed.] " [5]

The court entered the following decree.

" And now, to wit, June 14, 1894, the plaintiff in this action having duly filed his bill on the 21st day of May, 1894, and the defendant having filed its answer thereto, and this court having set the 26th day of May, 1894, for a hearing thereof, and on said last named date the parties and their counsel having appeared before the court and the evidence having been heard upon both sides orally before the court, and the case having been argued, and it further appearing by paper filed signed by the counsel of both parties that the said parties are willing and desirous that the court should consider the evidence taken and the arguments made as upon final hearing of this case, the court after due consideration do order, adjudge and decree :

" [First : That the defendant, its officers, agents and employees are hereby and hereunder enjoined and restrained perpetually from interfering in any way with the construction by the said plaintiff of its twenty-inch pipe line on its adopted location through said borough as particularly specified in the bill filed in this case.] [8]

" [Second : That the plaintiff company has the right to construct its said twenty-inch pipe line on its location through said borough.] [9]

" [Third : That the defendant, the borough of Freeport, has no legal right to grant its assent to said construction coupled with the conditions precedent contained in the ordinance, a copy of which is inserted in the bill filed in this case.] [10]

" [Fourth : That the said defendant borough has no right to exact a bond as required by the terms of said ordinance and that said bond as referred to is excessive in its amount and unreasonable in its conditions.] [11]

" [Fifth : That the said defendant borough has no right to exact the payment of money as a condition of its ordinance.] [12]

" [Sixth : That the said plaintiff company has the right to construct its gas line through, upon and under the streets of said defendant borough.] [13]

" [Seventh : That the said defendant borough has no legal right to interfere with the said plaintiff company in laying its lines through or under or along the street, lanes and alleys of said defendant borough.] [14]

" [Eighth : That the defendant, its officers, agents and employees are hereby and hereunder enjoined and restrained perpetually from interfering in any way with the construction by said plaintiff of any or all of their lines through, along, upon, under and across the streets, lanes and alleys of the said defendant borough.] [15]

*Errors assigned* among others were, (2–5) portions of opinion as above, quoting them ; (6) findings of facts in opinion ; (7) conclusions of law in opinion ; (8–15) portions of decree as above, quoting them.

*W. D. Patton, George M. Hill* with him, for appellant.—Under the act of April 7, 1870, P. L. 1025, the Pennsylvania Company, now the Philadelphia Company, had "power to enter upon and occupy the lands of individuals or companies" or otherwise to take private property for public use. But no authority is given to it to enter upon and take the public streets of a municipality for its own use, a much greater and higher power. The legislative grant of the right of eminent domain is always strictly construed : Am. & Eng. Ency. of Law, vol. 6, p. 534 ; McDevitt v. Gas Co., 160 Pa. 373.

It is not pretended that the plaintiff company supplied natural gas within the borough of Freeport, or had laid their lines therein prior to the 29th day of May, A. D. 1885, and thereby come within the exception of the 16th section of the act of May 29, 1885.

Nowhere in the act of 1871 is authority given to enter on or occupy any street or highway ; and the grants in the incorporating act are to be strictly construed and nothing taken by intendment, nor is to be extended by implication : Pittsburg Junction R. R. Co.'s App., 128 Pa. 621 ; Pennsylvania R. R. Co.'s App., 93 Pa. 150 ; Penna. R. R. Co.'s App. 115 Pa. 517 ; Groff's App., 128 Pa. 621.

Even if plaintiffs have not formally accepted the act, the case would then be analogous to that of corporations chartered prior to the adoption of the constitution of 1874 and accepting the benefits of legislation since ; and they would be held to have accepted the same by implication : Hays v. Com., 82 Pa. 523 ; Williamsport Pass. Ry. v. Williamsport, 120 Pa. 1.

They cannot accept the benefits granted in the 10th section and not be subject to the conditions imposed in the 13th and 16th sections, viz, that the consent of the municipal authorities was prerequisite to their entering into any city or borough: Dugan v. Bridge Co., 27 Pa. 303; West Branch Broom Co. v. Land Co., 121 Pa. 143; Allegheny v. Millville etc. St. Ry., 158 Pa. 411.

*George B. Gordon, John Dalzell, William Scott* and *Orr Buffington* with him, for appellee.—The fee of all the public highways of the commonwealth is vested in the commonwealth itself, not in the municipality.   The matter of controlling the streets and the uses to which they shall be put rests entirely in the discretion of the legislature, and municipalities only have such control thereover as may have been expressly delegated to them by the commonwealth as its agents in that behalf: Phila. & Trenton R. R. Co.'s Case, 6 Wharton, 25 ; Henry v. Pittsburg and Allegheny Bridge Co., 8 W. & S. 85; O'Connor v. Pittsburg, 18 Pa. 189; Mercer v. P., F. W. & C. Ry., 36 Pa. 99.

The plaintiff company had the absolute right to occupy any public highway of the commonwealth, provided they did it in such a way as to do as little damage as possible and impair as little as possible the free use of the highway, subject only to the supervisory powers of the courts as to the method and manner of laying the pipes with reference to the public safety and convenience, and subject, also, in cities, to such regulations as the city might by ordinance adopt, but subject to no such regulations in the boroughs or townships: Pittsburg's App., 115 Pa. 4.

Corporations chartered under the act, or re-chartered thereunder, and which were not actually engaged in the business in any city or borough at the time of the passage of the act, must get the municipal assent and subject themselves to the municipal regulations, but those regulations must relate simply to those matters upon which the municipalities are given power to legislate under the act of 1885: Chartiers Valley Gas Co. v. City of Allegheny, 33 Leg. Jour. 424; 11 Atlantic Rep. 658; Pittsburg's App., 115 Pa. 4; City of Allegheny v. Millville, Etna & Sharpsburg St. Ry. Co., 159 Pa. 411.

OPINION BY MR. JUSTICE MCCOLLUM, April 8, 1895 :

The Philadelphia Company is a corporation engaged in the production, transportation and sale of natural gas. It was engaged in this business prior to and at the time of the passage of the act " for the incorporation and regulation of natural gas companies " approved May 29, 1885, P. L. 29. It has not accepted the provisions of this act, but it has located and partially constructed " a twenty inch wrought iron gas line " for the purpose of conveying gas from its wells in Armstrong county to its customers in the cities of Pittsburg and Allegheny. The line so located passes through the borough of Freeport and along Stewart and Washington streets in said borough, the authorities of which have refused to permit it to lay its pipe on said streets. The result of this refusal was that the company filed a bill in the court of common pleas of Armstrong county against the borough praying, inter alia, for a decree enjoining and restraining " the defendant, its officers, agents and employees from interfering in any way with the construction by plaintiff of its twenty inch pipe line on its adopted location through said borough." The case was proceeded in by agreement as if upon final hearing and a decree was entered in conformity with the prayer of the bill. The principal question for our consideration on appeal from this decree is whether the assent of the borough is necessary to enable the company to construct its pipe line, as located, on Stewart and Washington streets. In considering this question we observe, first, that the Philadelphia Company is not authorized by its charter to lay a pipe line on a street of a municipality and that whatever right it has in this respect it derived from the act already referred to. The tenth section of the act is comprehensive, and plainly includes corporations then engaged in the business of transporting and distributing natural gas. In Carother's Appeal, 118 Pa. 468, this court said, in substance, that the act of 1885 conferred upon such corporations the right of eminent domain, and that the system provided by the act for the assessment of damages occasioned by the exercise of the right was applicable to them. In that case the appellee in this case was a party and its rights and liabilities in regard to these matters were discussed and considered. Its claim of a right to lay a pipe line on a borough street appears to accord with the con-

clusion reached in Carother's Appeal, because the grant of such
a right to corporations then or thereafter engaged in the trans-
portation and distribution of natural gas is as clear as the grant
to them of the right of eminent domain.    But the rights so
conferred must be enjoyed, if at all, in the manner and subject
to the precedent conditions prescribed by the act in relation to
the exercise of them.    By the 13th section of the act, compa-
nies incorporated under it and not referred to or included in the
14th section thereof, are forbidden to "enter upon or lay down
their pipes or conduits on any street or highway of any borough
or city of this commonwealth without the assent of councils of
such borough or city, by ordinance duly passed and approved."
The companies "referred to or included in" the 14th section
were such companies then "engaged in the business of trans-
porting or dealing in natural gas for any purpose" as accepted
the provisions of the act.    The 16th section declares that "this
act shall not be so construed as to permit any corporation accept-
ing its provisions under and by virtue of section fourteen
hereof, to enter into any city or borough without the assent of
councils, except where the corporation so accepting under sec-
tion fourteen, had to some extent prior to the passage of this
act, begun supplying natural gas within such city or borough
or had laid pipes for such purpose therein."    It follows that
all other companies to which the act relates, whether incorpo-
rated under it or engaged in the business of transporting and
distributing natural gas at the time of its passage, are within
the purview of the thirteenth section, and must secure munic-
ipal consent before entering upon or laying down their pipes
on any street or highway of any borough or city of the com-
monwealth.    In order to prevent misapprehension of our mean-
ing it is proper to state in this connection that we now refer to
such corporations only as look to the act of 1885 for their war-
rant to lay their pipes on the street of a municipality.    It
seems to us that a construction of the act which places non-
accepting companies in respect to rights conferred by it, upon
a higher plane than companies incorporated under it, and com-
panies accepting its provisions, is not reasonable or in accord
with the legislative purpose.    We conclude therefore that the
Philadelphia Company is not authorized to construct its pipe
line on Stewart and Washington streets in the borough of

Freeport without the consent of the borough authorities, and as it has not obtained such consent " by ordinance duly passed and approved," it is not necessary to consider the effect of municipal consent clogged with unreasonable conditions.

Decree reversed and bill dismissed, the costs to be paid by the appellee.