# Kane & Elk Railroad Co. *v.* Pittsburgh & Western R. R. Co., Appellant.

*Railroads—Grade crossing—Standard and narrow gauge railroads—Equity—Injunctions—Courts—Jurisdiction — Restraint of proceedings in another court—Practice, C. P.—Equity practice—Service of process—Appearance—Practice, Supreme Court—Assignments of error—Exceptions.*

1. A standard gauge railway whose tracks are threatened to be crossed by the tracks of a narrow gauge railroad has a standing in equity under the first section of the Act of June 19, 1871, P. L. 1360, to question the latter's right or franchise to widen its gauge so far as such proposed act relates to the former's own interests, without regard to the official action of the Commonwealth.

2. Where an injunction has been granted by a Common Pleas Court of one county to restrain a railroad company from making a grade crossing over another railroad, and the defendant railroad company then proceeds to institute proceedings in another county, under the Act of April 4, 1868, P. L. 62, for the ostensible purpose of securing connections with the railroad of the plaintiff, but, as found by the court, upon competent evidence, for the real purpose of evading the decree restraining the grade crossing, the first court which had jurisdiction of the matter may upon supplemental bill issue an injunction to restrain the defendant from proceeding further with the action in the second county.

3. Where in such case the original bill of the plaintiff railroad company was served upon an agent of the defendant in its office in McKean County, although the proposed crossing was in Elk County, and the defendant first appeared de bene esse, and after the argument on demurrer filed an answer and admitted on the record that the defendant appeared generally, the court had jurisdiction not only of the person of the defendant but also of the subject matter of the litigation, although it was located in another county.

4. Assignments of error which violate the equity rules in that they do not show exceptions taken in the court below, or the action of the court thereon, will not be considered.

Argued May 6, 1913. Appeal, No. 329, Jan. T., 1912, by defendant, from decree of C. P. McKean Co., Feb. T., 1912, No. 3, in Equity, awarding injunction in case of The Kane and Elk Railroad Company v. The Pittsburgh & Western Railroad Company. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity for an injunction. Before BOUTON, P. J.

The facts are stated in the opinion of the Supreme Court.

The court on the original bill awarded an injunction restraining the construction of a grade crossing, and on the supplemental bill awarded an injunction restraining the defendant from proceeding further in an action which it had instituted in another county. Defendant appealed.

610  KANE & E. R. R. CO. *v.* PITTS. & W. R. R. CO., Appellant.

Assignments of Error—Opinion of the Court.  [241 Pa.

*Errors assigned* were the various findings of fact and law and the decree of the court.

*R. P. Scott,* with him *R. J. Campbell,* for appellant.

*John G. Johnson,* with him *F. D. Gallup, C. W. Shattuck, Fred H. Ely,* and *Byron Ely,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, June 27, 1913:

The plaintiff is a Pennsylvania corporation authorized to construct, maintain and conduct a standard gauge railroad from a point in McKean County to another in Elk County; it has been operating its road for more than fourteen years, hauling freight and transporting passengers; prior to May, 1911, it had a duly located branch in Elk County in close proximity to the American Plate Glass Works. The defendant company owns through merger The Foxburg, Kane & Bradford Railroad, which possessed a charter right to build through the County of Elk in the general vicinity of the plaintiff company's road; it proceeded to construct a standard gauge branch line crossing the plaintiff's tracks at grade in at least two places, and appropriated about 500 feet of the latter's present tracks and over 1,000 feet of its duly located and adopted line. This proposed branch of the defendant's road ran at a distance of about 100 feet from the plaintiff's line and paralleled it for more than 7,000 feet before coming in contact therewith. The tracks crossed by the defendant's proposed line are used extensively by the plaintiff and are necessary to the exercise of its corporate powers and privileges; they are situated on a ridge where there is not sufficient room for the plaintiff to carry on its railroad operations in a proper, safe and satisfactory manner, in the event of the construction contemplated by the defendant.

The plaintiff instituted a proceeding in equity in McKean County to restrain the defendant from making

the intended crossings. The court below found the facts as we have stated them, and concluded that whatever rights the defendant had to a railroad at the point in controversy were possessed under and by virtue of the charter of its before-mentioned constituent road, that the latter company only had a franchise to construct a railroad of a gauge not exceeding three feet, and that in attempting the crossings in question the defendant was a trespasser upon the lines of the plaintiff road; the injunction prayed for was granted. After this injunction issued the defendant company commenced a proceeding in Elk County under section 11, of the Act of April 4, 1868, P. L. 62, for the ostensible purpose of securing connections with the plaintiff's line, whereupon the latter filed a supplemental bill in the Common Pleas of McKean County to restrain the defendant from further proceeding in Elk County. When this bill came on for hearing the court below found that in order to make the connections at the places indicated, the defendant would have to cross the railroad of the plaintiff at the identical points covered by the injunction, stating that the evidence showed "the purpose of beginning the proceeding in Elk County was not to secure connections with the tracks of the Kane & Elk Railroad (plaintiff), but only to obtain the various crossings over the line of the plaintiff's railroad at the identical points covered by the injunction hertofore issued." The court further found that the real purpose was to make a connection with certain tracks owned by the American Plate Glass Company, and that the proceeding in Elk County was an attempt to "evade the injunction" and "obtain an unconscionable advantage" over the plaintiff; that the defendant was not "acting in good faith," and that it was "making an unfair, oppressive and fraudulent use of legal proceedings,......for the purpose of obtaining under cover of said process the various crossings" which it had been enjoined from making. After stating these findings, an order was added to the original decree re-

612 KANE & E. R. R. CO. v. PITTS. & W. R. R. CO., Appellant.

Opinion of the Court.          [241 Pa.

straining the defendant from further prosecuting its proceedings in Elk County. The defendant has appealed from the decree as thus finally formulated.

The defendant possessed no greater rights and powers than its constituent company would have had at the point in controversy had there been no merger. (For the general rule upon this subject see, Punxsutawney Boro. v. Gas & Oil Company, 238 Pa. 23, 34.) Although the articles of association of this constituent company (dated March 8, 1879) make reference to the Act of April 4, 1868, P. L. 62, yet they contain all the indicia of an incorporation under the supplemental Act of March 18, 1875, P. L. 28, suggested in Pitts., Shawmut & Northern R. R. Co. v. Keating & Smethport R. R. Co., 233 Pa. 71, 77; hence, the court below was justified in concluding as a matter of law that the company in question was chartered as a narrow gauge railroad and in taking into consideration the physical impossibility of the proposed connection between it and the plaintiff road. In Western New York & P. Ry. Co. v. Buffalo, Rochester, Etc., Ry. Co., 193 Pa. 127, p. 146, we ruled that a standard gauge railway whose tracks are crossed by the tracks of a narrow gauge railroad has a standing in equity under the first section of the Act of June 19, 1871, P. L. 1360, to question the latter's right or franchise to widen its gauge so far as such proposed act relates to the former's "own interests, without regard to the official action of the Commonwealth"; and this authority meets appellant's contention to the contrary. The appellant's contention that it is entitled to the benefit of the Act of April 23, 1903, P. L. 280, authorizing railroads to bring their tracks to a standard gauge, cannot be sustained, for that act particularly provides that it does not apply to companies subject to the Act of 1875, supra; and since in the case last cited (pp. 144 and 145), we ruled that for purposes of legislation narrow gauge railways constitute a class in themselves, this proviso does not make the act unconstitutional special legisla-

tion, as suggested by the appellant. The court below found that this was not a mere incidental crossing of a yard track of the plaintiff's line in making a legitimate railroad connection, but the case of a narrow gauge railway attempting to cross the tracks of a standard gauge road, and that the proposed connection was merely a subterfuge to secure crossings which it had been duly adjudged the defendant was not entitled to; we are not convinced of error in these findings. This brings us to the real point in the case, viz, the question of the jurisdiction of the Common Pleas of McKean County sitting in equity to restrain the defendant from proceeding with the case instituted by it in Elk County.

The plaintiff's original bill was served upon an agent of the defendant at its office in McKean County; its counsel entered an appearance de bene esse and demurred to the jurisdiction of the court. When the demurrer was overruled an answer on the merits was filed, which also raised the question of jurisdiction, and later the supplemental bill was answered. While always protesting that the court below had no jurisdiction over the particular subject matter in controversy, yet the defendant in neither its demurrers nor answers questioned, or reserved any right to question, the service upon it, or the jurisdiction over its person in pursuance of such service; nor in entering its limited appearance did it follow the practice prevailing in equity of expressly reserving such a right (Coleman's Appeal, 75 Pa. 441, p. 460; Taylor v. McCafferty, 27 Pa. Superior Ct. 122). Finally, the record shows that during the course of the hearing counsel for the defendant formally agreed "that they now appear generally in the case." On this state of facts it cannot be doubted that the court below had jurisdiction over the person of the defendant; the only question is as to its jurisdiction over the subject-matter, the particular parts of the respective railroads in controversy being located in Elk County; and if the court had this jurisdiction, then the question

614 KANE & E. R. R. CO. *v.* PITTS. & W. R. R. CO., Appellant.

Opinion of the Court.               [241 Pa.

arises as to the legality of its final action restraining the defendant from prosecuting the proceedings commenced in the latter county.

In Schmaltz v. York Manufacturing Co., 204 Pa. 1, will be found a most enlightening opinion by our Brother MESTREZAT on the points now before us for consideration; we there state (p. 13): "Where the necessary parties are before a court of equity it is immaterial that the res of the controversy, whether it be real or personal property, is beyond the territorial jurisdiction of the tribunal. It has the power to compel the defendant to do all things necessary, according to the lex loci rei sitae which he could do voluntarily, to give effect to the decree against him" (also see, Newman v. Shreve, 229 Pa. 200, 214; Clad v. Paist, 181 Pa. 148, 154; Jennings v. Beale, 158 Pa. 283, 285; Vaughan v. Barclay, 6 Whart. 392); hence, the mere fact that the res in this instance was in Elk County would not defeat the jurisdiction of the court below.

On the question of the restraint placed upon the defendant to prevent the further prosecution of the proceedings instituted to secure connections with the plaintiff's line, it is to be observed that the learned court below did not in any manner endeavor or pretend to enjoin or interfere with the court of Elk County. The final injunction went out upon the ground that the defendant had been forbidden to cross or attempt to cross the plaintiff's railroad in the manner and at the points contemplated by it, and that the proofs demonstrated that its proceedings in Elk County were a mere subterfuge to overcome the decree of the court below; this restraint was necessary and proper to preserve the integrity of the injunction first issued, and it is in no sense a perpetual bar upon the defendant which will prevent it from ever extending its lines into the territory occupied by the plaintiff, or under different conditions from making legitimate and lawful crossings or connection. We have held that a court has the power to restrain one

from prosecuting a proceeding instituted in another jurisdiction for the purpose of interfering with a matter or thing adjudicated by it, and thereby to gain an undue advantage (Kendall v. McClure Coke Co., 182 Pa. 1), and this principle justifies the final decree of the court below. The rule that "one court cannot directly or indirectly modify, disregard or set aside the judgment of another court of co-ordinate jurisdiction" (Doyle v. Com., 107 Pa. 20, 25; Lehigh & N. E. R. Co. v. Hanhouser, 222 Pa. 248, 250; also see, Tenth National Bank v. Construction Co., 227 Pa. 354,) likewise applies; for under the findings that is practically what the defendant was seeking to accomplish by the proceeding which it was enjoined from prosecuting. We conclude that the final injunction issued by the court below is sustained by both reason and authority, and it will not be disturbed.

The appellant has filed twenty-four assignments of error, twenty-three of which violate the equity rules and the decisions of this court, in that in each instance they fail to show an exception taken in the court below or the action thereon. The necessity for proper assignments of error, and the particular defects here present, are fully discussed in Prenatt v. Messenger Printing Co., 241 Pa. 267, and need not be elaborated upon again. The assignment to the original decree is not fatally defective like the others, for it quotes totidem verbis the decree, the exceptions thereto and the orders thereon, but the assignment which deals with the decree as finally entered, fails to show any exception in the court below. Equity rule 67 provides that upon appeal such matters only as have been excepted to and finally passed upon by the court below shall be assignable for error, and rules 63 and 64 require decrees to be entered nisi and exceptions to be taken thereto and disposed of before they become final. An examination of the record shows that the defendant did in fact take a proper exception to the final decree, which was overruled; but

616 KANE & E. R. R. CO. *v.* PITTS. & W. R. R. CO., Appellant.

Opinion of the Court. [241 Pa.

this ought to have been shown on the face of the assignment so that we should not be obliged to search elsewhere for the information. The provision in section 6, of the Act of May 11, 1911, P. L. 279, to the effect that exceptions need not be taken to "decisions" which "appear in the proceedings of a case," only applies to final orders, judgments or decrees, or "decisions" in the nature thereof (Com. ex rel. v. Bonner, 238 Pa. 339) ; and since a decree in equity does not become final until after the exceptions thereto have been disposed of, the act has no application here. While we will not pass specifically upon each of these defective assignments, yet we have considered all the important points in the case, and find no reversible error.

The decree of the court below is affirmed at the cost of the appellant.