## Markleton Hotel Company v. Connellsville & State Line Railway Company, Appellant.

*Waters—Rights of riparian owner—Railroads—Use of water for locomotives—Equity—Injunction.*

1. A railroad company which has not instituted condemnation proceedings for the purpose of appropriating the water of a stream, may be restrained at the suit of a riparian owner from taking the water of the stream for the purpose of generating steam in locomotives which are merely temporarily on the land in transit to other points, although proceedings for the condemnation of land on the banks of the stream are then pending. The fact that the water of the stream is more than sufficient for the use of both parties is immaterial. Scranton Gas & Water Co. v. Delaware, Lackawanna & Western R. R. Co., 240 Pa. 604, followed.

2. Defendant railroad company, a corporation having the power of eminent domain, laid out its right of way through a portion of plaintiff's property and across a stream, over which was constructed a bridge, instituted condemnation proceedings for the taking of the land, filed its bond, and entered upon the construction of its road. Pending plaintiff's appeal from the award of the viewers, defendant installed a pump, pipe line and water tank within the limits of the condemned land, and proposed to extract water from the stream for the purpose of producing steam for its

locomotives and other operating purposes. The lower court, on plaintiff's bill in equity, granted an injunction restraining defendant "from taking or appropriating any portion of the water from plaintiff's property for steam-producing or operating purposes of defendant's railroad." *Held,* no error.

*Practice, Supreme Court—Appeals—Assignments of error—Exceptions.*

3. Under the equity rules of the Supreme Court each assignment of error must be self-sustaining; it must show the exception taken in the court below to the ruling complained of, the action upon the exception in totidem verbis, and the pages must be stated where the matter referred to may be found in the paper books or appendix. Assignments of error not in accordance with these rules will be dismissed.

Argued October 10, 1913. Appeal, No. 189, Oct. T., 1913, by defendant, from decree of C. P. Somerset Co., in equity, Equity Docket 1912, No. 1, making permanent a preliminary injunction in the case of The Markleton Hotel Company v. The Connellsville & State Line Railway Company. Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity to restrain defendant from taking water from stream. Before GILLAN, P. J.

The opinion of the Supreme Court states the case.

The court made permanent a preliminary injunction, restraining defendants from taking the waters of the stream for the purposes of producing steam for its locomotives and other operating purposes.

*Error assigned,* inter alia, was the decree of the court.

*Charles F. Uhl, Jr.,* with him *Charles H. Ealy,* for appellant.

*T. C. Noble* and *Francis J. Kooser,* with them *Ernest O. Kooser, James E. Barnett* and *Richard B. Scandrett,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, January 5, 1914:

The plaintiff company, a Pennsylvania corporation, is the owner in fee of a tract of land in Somerset County containing about 168 acres, upon which it maintains a large hotel; this land lies on both sides of Casselman river, and a tributary of that stream known as Iser's Run flows through the portion located on the east side, comprising about fifty-four acres of timber land, which is used as a pleasure park in connection with the hotel. The defendant company is also a Pennsylvania corporation authorized to construct, operate and maintain a railroad in Somerset and Fayette Counties; it laid out its right of way through the plaintiff's timber land and across Iser's Run, over which it constructed a bridge; the parties could not agree upon the price to be paid for the land taken and the defendant instituted condemnation proceedings, filed its bond and entered upon the construction of its road; the plaintiff appealed from the award of the viewers, and that action is still pending; in the meantime the defendant installed a pump, pipeline and water-tank within the limits of the condemned land, and proposed to extract water from Iser's Run for the purpose of "producing steam for its locomotives and other operating purposes." The plaintiff filed a bill in equity and prayed the court to restrain the defendant "from taking or appropriating any portion of the water......from the plaintiff's property for steam-producing or operating purposes of defendant's railroad." The case was heard on bill and answer; the chancellor found the facts as we have stated them, and granted the relief prayed for. The defendant has appealed and assigns for error the final decree; complaint is also made of the court's ruling on a number of exceptions taken to its conclusions of law.

The subject involved in this appeal has been so recently and fully discussed by our Brother ELKIN in Scranton Gas & Water Co. v. Delaware, Lackawanna &

Western R. R. Co., 240 Pa. 604, that it would serve no useful purpose to go into the matter at any length here; it is sufficient to say that, although the facts are not precisely alike, in our opinion the case at bar falls within the principle of and is controlled by the Scranton case, and the authorities cited by this appellant do not convince us to the contrary. The defendant did not intend to make an extraordinary use of the water upon the land, but to take it for the purpose of generating steam in locomotives which were merely temporarily thereon in transit to other points; and the case just cited decides that a use of that character will be restrained in equity; and this notwithstanding the contention there made that a railroad company cannot be restrained by another riparian owner on the same stream "from taking water for the use of its engines at a time when the flow of the stream is four times the amount needed for both parties" (see 240 Pa. 606). As illustrative of the general subject before us, also see Dilts v. Plumville R. R. Co., 222 Pa. 516, 529; Cambria and Clearfield Ry. Co. v. Blandburg Water Co., 226 Pa. 402; and McCartney v. Londonderry L. S. R. Co., A. C. (1904) 301, 31 L. R. A. (N. S.) 545, foot note.

In the condemnation proceeding, the plaintiff company did not claim the right or attempt to appropriate the water in Iser's Run; while the decree of the court below is broadly stated, yet, it must be limited to the facts and the law as they respectively stood at the time of its entry, and it is not to be construed as prejudging any future right to condemn or otherwise appropriate or take water, in a proper way and for a permissible purpose, which may be possessed by or hereafter conferred upon or acquired by the defendant company.

All the specifications of error excepting the first, which goes to the final decree, are defective in form, since in each instance they fail properly to show the action of the court below on the exception referred to in the particular assignment. We have taken occasion

in several recent cases to point out that under our equity rules each assignment of error must be self sustaining, that is, it must show the exception taken in the court below to the ruling complained of, the action upon the exception—in totidem verbis—and the "pages must be stated where the matter referred to is to be found in the paper books or appendix." (See, Prenatt v. Messenger Printing Co., 241 Pa. 267, and cases there cited: Kane & Elk R. R. Co. v. Pittsburgh & Western R. R. Co., 241 Pa. 608; and Streng v. Buck Run Coal Co., 241 Pa. 560.) The first assignment is overruled and the others are dismissed.

The decree of the court below is affirmed at the cost of the appellant.