# United Natural Gas Company, Appellant, *v.* The Public Service Commission.

*Public Service Commission—Natural gas companies—Right to discontinue service—Consolidation—Territories of respective companies.*

A natural gas company having entered upon the service of supplying natural gas, cannot, while retaining its franchise as such company, withdraw therefrom or discontinue such service summarily and of its own motion, but must first obtain the consent of the Public Service Commission.

The fact that the respondent is a consolidation of several natural gas companies, and that the field of supply of the company that originally made the contract to supply the territory in question is exhausted, does not justify the consolidated company in discontinuing such service, without the approval of the Public Service Commission, after the service had been voluntarily assumed and supplied out of its combined field of production, old and new. Any new fields of production developed by the consolidated company are equally available for fulfilling the contracts of any of its component companies.

Argued April 27, 1922. Appeal, No. 152, April T., 1922, by United Natural Gas Company, from order of Public Service Commission, Complaint Docket No. 4570, 1921, in the case of J. D. Whiteman and W. J. Whieldon v. United Natural Gas Company and Mercer Natural Gas Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Complaint before the Public Service Commission to compel the United Natural Gas Company and Mercer Gas, Light & Fuel Company to continue supplying natural gas to inhabitants of the Borough of Mercer.

The facts are stated in the opinion of the Superior Court.

The commission made the following order:

This matter being before the Public Service Commission of the Commonwealth of Pennsylvania upon complaint and answer on file, and having been duly heard and submitted by the parties, and full investigation of the matters and things involved having been had, and the commission having on the date hereof made and filed of record a report containing its findings of fact and conclusions thereon, which said report is hereby approved and made part hereof.

Now, to wit, January 10, 1922, it is ordered: That the complaint in this case be and the same is hereby sustained, and that the United Natural Gas Company, respondent, continue the supplying of natural gas to the Mercer Gas Light and Fuel Company, respondent, for consumption in the Borough of Mercer and vicinity until it shall have obtained the approval of the commission to discontinue said service in accordance with the provisions of the Public Service Company Law.

It is further ordered: That the Mercer Gas Light and Fuel Company, respondent, continue the supplying of natural gas which it shall receive from the United Natural Gas Company, respondent, for consumption in the Borough of Mercer and vicinity, until it shall have obtained the approval of the commission to discontinue said service in accordance with the provisions of the Public Service Company Law.

*Error assigned,* among others, was the order of the commission.

*J. E. Mullin* and *J. V. Frampton,* and with them *T. C. Cochran* and *W. M. Parker,* for appellant.

*Q. A. Gordon,* and with him *W. J. Whieldon, L. R. Rickard* and *J. W. Nelson,* for J. D. Whiteman and W. J. Whieldon, intervenors.

*Frank M. Hunter, Counsel,* and with him *John Fox Weiss,* Assistant Counsel, for the Public Service Commission.

OPINION BY KELLER, J., October 9, 1922:

This appeal raises the same question that was before us in Peoples Natural Gas Company v. Public Service Commission, (April Term, 1922, Nos. 107 and 108), to wit, the right of one natural gas company, which for years has been furnishing gas to another natural gas company for consumption by the public, within the first company's charter field of supply, to discontinue such service without application to and the approval of the Public Service Commission.

The same arguments which were advanced in that case were presented here, except that as this appellant produces its entire supply of gas in Pennsylvania, it was not contended that the order of the commission in this case constituted an illegal interference with interstate commerce.

The reasons which impelled us to decide against the positions taken by the Peoples Natural Gas Company, require us to make the same decision here.  It is unnecessary to restate them.  Reference to the former opinion is all that is needed.

The facts in this case, however, are in one respect different from those in the Peoples Company case.

The original contract for the supply of natural gas to the Mercer Gas Light & Fuel Company, (which furnishes the gas to consumers in the Borough of Mercer), was made in 1886 by the Columbia Gas Light & Fuel Company.  The Columbia Company mined or produced its gas.  The Mercer Company did not; its charter provided that the place where it was to obtain its supply of gas was at Mercer from the main pipe line of the Columbia Company.  In 1892, the Columbia Gas Light & Fuel Company was merged with a number of other natural gas companies, into a new corporation called the

Oil City Fuel Supply Company, which continued to furnish gas to the Mercer Company under said contract until 1908, when by a like consolidation the Oil City Fuel Supply Company was merged with a number of other natural gas companies into a new corporation known as United Natural Gas Company, this appellant. The appellant continued to supply gas to the Mercer Company until September, 1921, when some controversy having arisen as to the reasonableness of a new schedule of rates filed by the Mercer Company at the direction of the United Company, the United Company notified the Mercer Company that it would no longer furnish it any gas and by certificate, duly filed and recorded as provided in section 5 of the Act of May 29, 1885, P. L. 29, eliminated the Borough of Mercer from its territory of supply, but did not obtain the approval of the Public Service Commission thereto. In addition to the reasons for this step presented by the Peoples Company in the former case, it justified its action on the ground that the original territory of supply of the Columbia Gas Light & Fuel Company had long since been exhausted and it could not be required to furnish gas from fields not embraced within the territory of the contracting company. In support of its contention it cited: Punxsutawney v. T. W. Phillips Gas & Oil Co., 238 Pa. 23; Pullman Palace Car Co. v. Mo. Pac. Ry. Co., 115 U. S. 587; Peoples Gas Light & Coke Co. v. Chicago, 194 U. S. 1; which hold in effect that the consolidation of a number of companies into a new corporation does not serve to extend the rights and privileges, or obligations, of each separate corporation throughout the whole consolidated field. We think those cases are all easily distinguishable from this case on the facts. Whether the new or consolidated corporations, the Oil City Fuel Supply Company and the United Natural Gas Company respectively, could have been required to furnish gas to the Mercer Company from fields outside the Columbia Company's charter territory of production, is beside the question. They volun-

tarily did so, and continued to do so without objection for years after the original field of production of the Columbia Company had proved insufficient; and in 1917, the appellant demanded and received an increased rate for the gas furnished by it.

Furthermore, any new territory of production obtained by either of the consolidated companies after their respective mergers applied just as well to the Columbia Company's field of supply as to those of the other constituent companies, and could be used to fulfil the contracts of the Columbia Company no less than of any other of the merged companies. In other words, after a merger of A., B. and C. into a new company, D., the new company might possibly have refused to supply gas from the territory of production of B. and C. for consumption in A.'s territory of supply, but any new territory of production obtained by the new company, D., would be distributable throughout its combined territory including the territory of supply formerly of A. no less than those of B. and C.

Neither of the new or consolidated companies refused to supply the Mercer Company with any gas outside the original field of production of the Columbia Company, but for many years, and until after the enactment of the Public Service Company Law the Mercer Company was furnished gas from the combined field of production, old and new, without any question being raised as to its right thereto, and this course would have continued had the increased rate for gas demanded by appellant not been complained against.

Jurisdiction of the commission does not depend on the contract between the two companies. It arises from the service furnished by the one to the other for the benefit of the public.

We are of the opinion that the commission committed no error in holding that appellant having entered upon this service it could not while retaining its franchise as a natural gas company withdraw therefrom or discontinue

such service summarily and of its own motion or until the consent of the commission had been applied for and obtained.

We do not pass upon the merits of such an application in advance of its presentation.

The assignments of error are overruled and the order of the commission is affirmed.

PORTER and LINN, JJ., dissent.